The Law Offices of Eric A. Shore
By:  Briana Lynn Pearson, Esquire
Attorney ID No. 327007
1500 JFK Boulevard, Suite 1240
Philadelphia, Pennsylvania 19102
Tel. (215) 944-6129
Email: brianap@ericshore.com

*Attorneys for Plaintiff*

### IN UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAE THOMPSON**<br>232 Market Street<br>Fallentimber, Pennsylvania 16639<br><br>    Plaintiff,<br><br>v.<br><br>**GARVEY MANOR NURSING HOME**<br>1037 South Logan Boulevard<br>Hollidaysburg, Pennsylvania 16648<br><br>    Defendant. | **JURY DEMANDED**<br><br>No. |

### CIVIL ACTION COMPLAINT

Plaintiff Mae Thompson, by and through her undersigned attorneys, for her complaint against Defendant Garvey Manor Nursing Home, hereby alleges as follows:

I. **INTRODUCTION**

1. This is an action for relief from unlawful sexual harassment, discrimination, retaliation, and the creation of a hostile work environment based on sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 et seq.

## II. PARTIES

2. Plaintiff, Mae Thompson, (hereinafter "Plaintiff" or "Ms. Thompson") is an adult individual residing at the above address.

3. Defendant, Garvey Manor Nursing Home (hereinafter "Defendant" or "Garvey Manor"), is a limited liability company organized under the laws of Pennsylvania, registered to do business in the Commonwealth of Pennsylvania, with its principal place of business at 1037 S Logan Blvd, Hollidaysburg, PA 16648.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as it involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant conducts business in this district and a substantial part of the acts and omissions giving rise to the claims occurred in this district.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff was employed by Garvey Manor from January 18, 2021, as a first shift Certified Nursing Aide (CNA).

8. Plaintiff's employment with Garvey Manor continued until April 25, 2022, when she was constructively discharged due to fear of termination following a series of retaliatory write-ups.

9. During her employment, Plaintiff was subjected to repeated sexual harassment by her supervisor, Jesse Pellow, who was a Licensed Practical Nurse (LPN) and her charge nurse.

10. Plaintiff reported the harassment to April Lauver, the Assistant Director of Nursing, and Becky Wilson, the Director of Nursing. Despite these reports, no effective action was taken.

11. After Plaintiff reported the harassment, she was called into a meeting with April Lauver and Becky Wilson. During this meeting, Plaintiff was presented with a write-up and her written statement was dismissed. Plaintiff was told she was "crazy" and "hallucinating" and was advised to seek psychiatric help.

12. Plaintiff reported feelings of retaliation and discrimination to Lacey Chamberlain, the Director of Human Resources, multiple times. However, Chamberlain provided no assistance beyond printing out information on therapy services.

13. Plaintiff regularly worked long shifts, often extending beyond her scheduled eight hours to up to sixteen hours a day.

14. Despite her reports, Jesse Pellow was allowed to continue working. This created a hostile work environment for Plaintiff, who felt unsafe and harassed.

15. Pellow made numerous inappropriate comments to Plaintiff, including remarks about her appearance and inquiries about her personal life.

16. Pellow would follow Plaintiff into resident rooms and other secluded areas, making her feel trapped and uncomfortable. He ignored her requests to stop his behavior.

17. On one occasion, Pellow made a public comment suggesting that Plaintiff's engagement ring came from him, which was false and humiliating for Plaintiff.

18. Despite Plaintiff's reports to multiple levels of management, including Becky Wilson, April Lauver, and Lacey Chamberlain, no effective measures were taken to address the harassment.

19. An investigation into Pellow's conduct was initiated, but he was found not guilty, and no significant actions were taken to protect Plaintiff.

20. On January 27, 2022, Plaintiff experienced a frightening incident where her car tire was slashed and caught fire, further contributing to her feelings of being unsafe.

21. Due to the continuous harassment, inadequate response from management, and the hostile work environment, Plaintiff felt compelled to resign on April 25, 2022.

22. Plaintiff was not the only employee harassed by Pellow. Other employees, including Amanda Conrad (LPN) and Rebecca "Becky" Dively (CNA), also reported similar behavior.

23. Despite these reports, no effective action was taken against Pellow, indicating a pattern of neglect by Garvey Manor in addressing harassment claims.

## V.  CAUSES OF ACTION

### COUNT I
### SEXUAL HARASSMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII

24. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

25. At all times material hereto, Defendant was an "employer" subject to the provisions of Title VII.

26. Plaintiff was subjected to unwelcome sexual harassment by the nursing manager.

27. Defendant failed to take appropriate remedial actions and instead retaliated against Plaintiff for reporting the harassment.

28. As a direct and proximate result of Defendant's actions, Plaintiff has sustained significant damages, including economic loss, emotional distress, and other consequential damages.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

29. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

30. Plaintiff engaged in protected activity under Title VII by reporting sexual harassment.

31. Defendant retaliated against Plaintiff by subjecting her to unwarranted investigations, moving her to different units, assigning her 15-hour shifts, and ultimately terminating her employment.

32. Defendant's retaliatory conduct constitutes a violation of Title VII.

33. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has sustained significant damages, including economic loss, emotional distress, and other consequential damages.

## COUNT III
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

34. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35. Plaintiff was subjected to a hostile work environment due to the sexual harassment and the retaliation she faced after reporting it.

36. Defendant failed to take appropriate remedial actions despite being aware of the hostile work environment.

37. Defendant's conduct constitutes a violation of Title VII.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained significant damages, including economic loss, emotional distress, and other consequential damages.

## COUNT IV
## SEXUAL HARASSMENT AND DISCRIMINATION IN VIOLATION OF THE PHRA

39. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40. At all times material hereto, Defendant was an "employer" subject to the provisions of the PHRA.

41. Plaintiff was subjected to unwelcome sexual harassment by the nursing manager.

42. Defendant failed to take appropriate remedial actions and instead retaliated against Plaintiff for reporting the harassment.

43. As a direct and proximate result of Defendant's actions, Plaintiff has sustained significant damages, including economic loss, emotional distress, and other consequential damages.

## COUNT V
## RETALIATION IN VIOLATION OF PHRA

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. Plaintiff engaged in protected activity under the PHRA by reporting sexual harassment.

46. Defendant retaliated against Plaintiff by subjecting her to unwarranted investigations, moving her to different units, assigning her 15-hour shifts, and ultimately terminating her employment.

47. Defendant's retaliatory conduct constitutes a violation of the PHRA.

48. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has sustained significant damages, including economic loss, emotional distress, and other consequential damages.

## COUNT VI
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

49. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50. Plaintiff was subjected to a hostile work environment due to the sexual harassment and the retaliation she faced after reporting it.

51. Defendant failed to take appropriate remedial actions despite being aware of the hostile work environment.

52. Defendant's conduct constitutes a violation of the PHRA.

    As a direct and proximate result of Defendant's conduct, Plaintiff has sustained significant damages, including economic loss, emotional distress, and other consequential damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mae Thompson demands judgment in her favor and against Defendant, Garvey Manor Nursing Home, and requests that this Court:

a) Award Plaintiff compensatory damages for economic loss, emotional distress, and other consequential damages;

b) Award Plaintiff punitive damages;

c) Award Plaintiff attorneys' fees and costs of suit; and

d) Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
Briana Lynn Pearson, Esquire
(Pennsylvania ID No. 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (215) 944-6113
Fax: (215) 627-9426
Email: brianap@ericshore.com
*Attorney for Plaintiff, Mae Thompson*

Dated: June 3, 2024